IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PAUL FORD and DOLORES FORD, RUTH E. BOBZIEN, AMY DICKERSON and BRUCE DICKERSON, EVERETT CHAMBERS and JOANNE CHAMBERS, and RAY VINNEY, for themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>vs.<br><br>SPRINT COMMUNICATIONS COMPANY L.P., QWEST COMMUNICATIONS COMPANY, LLC, and WILTEL COMMUNICATIONS, LLC,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 3:12-cv-00270-slc<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES TO SETTLEMENT CLASS COUNSEL**

Under Federal Rules of Civil Procedure 23(h)(1) and 54(d)(2), Plaintiffs in this class action have moved for an award of attorneys' fees and expenses to Settlement Class Counsel. Under Rule 23(h)(3), the Court must make findings of fact and state its conclusions of law. The Court does so, as follows, in granting the motion:

**Findings of Fact**

1. This class-action settlement resolves a property-rights dispute, which arises out of the installation of fiber-optic cable on railroad rights of way by Sprint Communications Company L.P., Qwest Communications Company, LLC f/k/a Qwest Communications Corporation, and WilTel Communications, LLC (the "Settling Defendants"). The claims resolved by the Settlement affect parcels of land in Wisconsin covering 596 miles of rights of way throughout the state.

2.     On June 5, 2012, the Court entered an order preliminarily approving the settlement, certifying the settlement class, and approving the form and manner of notice. On July 31, 2012, the claims administrator mailed notices to 9,684 current and prior property owners along railroad rights of way in Wisconsin containing telecommunications facilities installed by the Settling Defendants, and opened a settlement call center and website. The notice, which was posted on the website, advised in pertinent part:

> The Court will decide how much Class Counsel and any other lawyers will be paid. Class Counsel will ask the Court for attorneys' fees, costs and expenses of $1,093,000. . . . The Defendants will separately pay these fees and expenses and the payment will not reduce the benefits available for the Class.

Notice at 8. The Notice further advised that the Court would hold a Fairness Hearing on December 13, 2012, at which time the Court would "consider how much to pay Class Counsel." *Id.* at 9. Following publication of the class notice, no class members objected to the proposed award of attorneys' fees and expenses. On December 13, 2012, the Court held the final Fairness Hearing.

3.     The Settlement Agreement provides in pertinent part: "Settlement Class Counsel may seek from the Court a cash award of fees and expenses from the Settling Defendants, in an amount not to exceed the Maximum Attorneys' Fee Award, to which the Settling Defendants will not object." Settlement Agreement § II.E.1. The Settlement Agreement defines the Maximum Attorneys' Fee Award as $1,093,000. Settlement Agreement Definitions. The Settlement Agreement further provides that "the Settling Defendants shall deposit any attorneys' fee award approved by the Court, which shall not exceed the Maximum Attorneys' Fee Award, into the interest-bearing escrow account established with U.S. Bank in New York, New York, no later than ten (10) days after the date on which the Order and Judgment becomes Final." Settlement Agreement § II.E.2.

4. The escrow account established with U.S. Bank is a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B. The escrow account is maintained by U.S. Bank in New York, New York, with the Garretson Firm Resolution Group, Inc. ("GFRG") serving as the Fund Administrator. These arrangements are consistent with the terms of an Escrow Agreement entered into as of August 26, 2011 between certain Settlement Class Counsel, U.S. Bank, and GFRG.

5. Settlement Class Counsel estimate that a minimum of $2,660,000 in cash benefits are available for class members to claim. Administrative costs — to be paid separately by the Settling Defendants — in creating and updating a sophisticated database to notify class members, implement the Settlement, and process claims, are estimated at an additional $542,000. The agreed-to attorney's fees and non-taxable costs of approximately $1,093,000 — which will not reduce benefits payable to class members — bring the total gross value of the Settlement to roughly $4,295,000.

## Conclusions of Law

6. Rule 23(h) provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by . . . the parties' agreement." The Rule further provides that "[a] claim for an award must be made by motion under Rule 54(d)(2)," notice of which must be "directed to class members in a reasonable manner" and that the Court "must find the facts and state its legal conclusions under Rule 52(a)." Fed. R. Civ. P. 23(h)(1) and (3). In turn, Rule 54(d)(2) requires a claim for fees to be made by motion, and specifies its timing and content, including, in relevant part, "the grounds entitling the movant to the award" and "the amount sought." Fed. R. Civ. P. 54(d)(2)(B). Notice of this fee-award motion was provided in the class notice and on the website.

7. "In a common fund case the judge exercises equitable powers to compensate attorneys from the recovery won for plaintiffs." *Harman v. Lyphomed, Inc.*, 945 F.2d 969, 973 (7th Cir. 1991) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975)). "When a class suit produces a fund for the class, it is commonplace to award the lawyers for the class a percentage of the fund, in recognition of the fact that most suits for damages in this country are handled on the plaintiff's side on a contingent-fee basis." *Gaskill v. Gordon*, 160 F.3d 361, 362 (7th Cir. 1998) (citations omitted). "When a fee is set by a court rather than by contract, the object is to set it at a level that will approximate what the market would set." *Id.* at 763 (citing *In re Continental Ill. Securities Litig.*, 962 F.2d 566, 572 (7th Cir. 1992); *Kirchoff v. Flynn*, 786 F.2d 320 (7th Cir.1986)).

8. Under the percentage-of-the-fund approach, the agreed-to fee-and-expense request is reasonable as a matter of law. Here, Settlement Class Counsel estimate that, based on the miles of rights of way covered by the Settlement, if each class member were to claim the available cash benefits, approximately $2,660,000 would be paid to qualifying class members, assuming that no land-grant class members seek the higher non-land grant benefits. (To the extent those class members do seek and receive the higher amounts, the amount available to the class will increase.) When estimated administrative costs of $542,000 — to be borne by the Settling Defendants — and the agreed-to attorneys' fees and expenses of $1,093,000— also to be paid separately by the Settling Defendants — are factored in, the gross value of the Settlement is approximately $4,295,000. The $1,093,000 fee-and-expense award therefore represents approximately 25 percent of the estimated fund as a whole.

9. At 25 percent of the value of the fund as a whole, the fee-and-expense award would be well within the range of reasonable percentage-fee awards in this Circuit. In approving

the Illinois fiber-optic-cable right-of-way fee award, Judge Rebecca Pallmeyer of the Northern District of Illinois found that the 24.4% fee requested was "well within — and indeed below — the market rate for high-risk, contingent-fee cases like this one." *McDaniel v. Qwest Commc'ns Corp.*, Civil Action No. 05 C 1008, Order Awarding Attorneys' Fees and Reimbursing Expenses to Settlement Class Counsel and Approving Payment of Incentive Awards to Class Representatives at 7 (N.D. Ill. Aug. 29, 2011). As Judge Pallmeyer explained:

> Counsel's request for an award of attorneys' fees and expenses . . . is well justified under the percentage approach. Indeed, the evidence shows that, under the percentage approach, the market would have set a *higher* fee, equivalent to at least one-third of the recovery. As decisions of the Seventh Circuit have confirmed, the real-world market range for contingent fee cases is 33% to 40%. *Gaskill*, 160 F.3d at 362-63 (affirming award of 38% of recovery); *Kirchoff v. Flynn*, 786 F.2d 320, 323 (7th Cir. 1986) (observing that "40% is the customary fee in tort litigation" and noting, with approval, contract providing for one-third contingent fee if litigation settled prior to trial). Furthermore, the requested fee here includes the reimbursement of litigation expenses, which in most cases are the subject of an additional award. *See* Conte, *Attorney Fee Awards*, § 2.8 at 38 (Cum. Supp. May 2002) ("The prevailing view is that expenses are awarded in addition to the fee percentage.").

*Id.*; *see also, e.g.*, *Uhl v. Thoroughbred Technology and Telecommunications, Inc.*, No. IP00-1232-C-B/S, 2001 WL 987840, at *4-5 (S.D. Ind. Aug. 28, 2001) (approving fee of 25% of value created for class in multi-state fiber-optic-cable right-of-way litigation), *aff'd*, 309 F.3d 978 (7th Cir. 2002).

10. A lodestar crosscheck is also appropriate. *See Williams v. Rohm and Haas Pension Plan*, 658 F.3d 629, 636 (7th Cir. 2011). In terms of lodestar, the overlapping nature of fiber-optic-cable right-of-way discovery, motions practice, research, litigation, and settlement efforts across the country for more than a decade — which culminated in this and the other state settlement agreements — have prevented Settlement Class Counsel from segregating their fees and expenses into a "Wisconsin-only" category or similar categories for other states. *See* Declaration

of Settlement Class Counsel Dan Millea ¶ 16; Declaration of Settlement Class Counsel Irwin Levin ¶ 22. Nonetheless, it is apparent that the Wisconsin fee-and-expense request is amply supported by a lodestar crosscheck based on the time and expense incurred, and fees available, in resolution of all the state-by-state settlements of the fiber-optic-cable right-of-way litigation.

11. The total attorneys' fees and expenses incurred by Settlement Class Counsel in the decade-plus of right-of-way litigation culminating in this Settlement, excluding local counsel fees and expenses, were just over $60,000,000 as of March 31, 2011; that number has since increased as Settlement Class Counsel have performed substantial work in seeking approval of the settlements in courts around the country, and it will continue to do so until the settlements are fully administered. *See* Millea Decl. ¶ 17; Levin Decl. ¶ 23. The Settling Defendants in the right-of-way litigation have agreed to pay a total of $41,500,000 in attorneys' fees and expenses in settlement of the forty-six state actions (and the District of Columbia) nationwide. Millea Decl. ¶ 17; Levin Decl. ¶ 23. Therefore, the incurred fees and expenses are subject to a *negative* multiplier — roughly .70 — on a nationwide basis and with a pro-rata Wisconsin allocation.

12. Here, there also are no objections to the proposed fee-and-expense award, a factor for the Court's consideration. *See Armstrong v. Bd. of School Directors of City of Milwaukee*, 616 F.2d 305, 326 (7th Cir. 1980); *see, e.g., Maley v. Del Global Technologies Corp.*, 186 F. Supp. 2d 358, 373 (S.D.N.Y 2002) ("Not one person, company, or institution has filed an objection to the fee request or the expense reimbursement sought. As was true with the underlying settlement, this overwhelmingly positive response by the Class attests to the approval of the Class with respect to the Settlement and the fee and expense application."). The Court-approved notice stated that, at the conclusion of the fairness hearing, counsel would seek a fee-and-expense award up to $1,093,000. The notice also informed class members of their ability to

object to the fee-and-expense request. No class member objected to it. The absence of objections or disapproval by class members to Settlement Class Counsel's fee-and-expense request further supports finding it reasonable.

**WHEREFORE** it is **ORDERED** that the motion for an award of attorneys' fees and expenses to Settlement Class Counsel is **GRANTED**.

It is further **ORDERED** that the Court approves a fee-and-expense award of $1,093,000 to Settlement Class Counsel,

It is further **ORDERED** that the Settling Defendants shall deposit the fee-and-expense award approved by the Court into the interest-bearing escrow account — established as a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B and as a trust under state law — with U.S. Bank in New York, New York, no later than ten (10) days after the date on which the Order and Judgment becomes Final, that any alleged or actual civil liability against the Settling Defendants for attorneys' fees arising out of the tort claims resolved by the Wisconsin Class Settlement Agreement approved by this Court is satisfied and extinguished through the Settling Defendants' payment of the fee-and-expense award, and that any interest earned on the escrow account shall be recognized as gross income of the Qualified Settlement Fund; and

It is further **ORDERED** that appointment of GFRG as the Fund Administrator for the escrow account is hereby confirmed and that the escrow account shall be governed by the Escrow Agreement entered into as of August 26, 2011 between Settlement Class Counsel, U.S. Bank, and GFRG.

Date: 12-13-12

Honorable Stephen L. Crocker
United States Magistrate Judge